**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| GARRY ASH,<br><br>　　　　　Plaintiff(s),<br><br>vs.<br><br>NANCY A. BERRYHILL, ACTING COMMISSIONER OF SOCIAL SECURITY,<br><br>　　　　　Defendant(s). | Case No. 2:17-cv-00505-GMN-NJK<br><br>REPORT AND RECOMMENDATION |

This case involves judicial review of administrative action by the Commissioner of Social Security ("Commissioner") denying Plaintiff's application for disability insurance benefits pursuant to Title II of the Social Security Act. Currently before the Court is Plaintiff's motion for reversal and/or remand. Docket No. 11. The Commissioner filed a response in opposition, Docket No. 13, and a cross-motion to affirm. Docket No. 12. Plaintiff filed a reply. Docket No. 14. This action was referred to the undersigned magistrate judge for a report of findings and recommendation.

**I.    STANDARDS**

　　　A.    <u>Judicial Standard of Review</u>

The Court's review of administrative decisions in social security disability benefits cases is governed by 42 U.S.C. § 405(g). *See Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002). Section 405(g) provides that, "[a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action . . . brought in the district court of the United States for the

judicial district in which the plaintiff resides." The Court may enter, "upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." *Id.*

The Commissioner's findings of fact are deemed conclusive if supported by substantial evidence. *Id.* To that end, the Court must uphold the Commissioner's decision denying benefits if the Commissioner applied the proper legal standard and there is substantial evidence in the record as a whole to support the decision. *See, e.g., Webb v. Barnhart*, 433 F.3d 683, 686 (9th Cir. 2005). The Ninth Circuit defines substantial evidence as "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). In determining whether the Commissioner's findings are supported by substantial evidence, the Court reviews the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion. *See, e.g., Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998).

Under the substantial evidence test, the Commissioner's findings must be upheld if supported by inferences reasonably drawn from the record. *Batson v. Comm'r Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). When the evidence will support more than one rational interpretation, the Court must defer to the Commissioner's interpretation. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). Consequently, the issue before this Court is not whether the Commissioner could reasonably have reached a different conclusion, but whether the final decision is supported by substantial evidence.

It is incumbent on the ALJ to make specific findings so that the Court does not speculate as to the basis of the findings when determining if the Commissioner's decision is supported by substantial evidence. The ALJ's findings should be as comprehensive and analytical as feasible and, where appropriate, should include a statement of subordinate factual foundations on which the ultimate factual conclusions are based, so that a reviewing court may know the basis for the decision. *See, e.g., Gonzalez v. Sullivan*, 914 F.2d 1197, 1200 (9th Cir. 1990).

//
//
//

B.   Disability Evaluation Process

The individual seeking disability benefits bears the initial burden of proving disability. *Roberts v. Shalala*, 66 F.3d 179, 182 (9th Cir. 1995). To meet this burden, the individual must demonstrate the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). If the individual establishes an inability to perform his prior work, then the burden shifts to the Commissioner to show that the individual can perform other substantial gainful work that exists in the national economy. *Reddick*, 157 F.3d at 721.

The ALJ follows a five-step sequential evaluation process in determining whether an individual is disabled. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). If at any step the ALJ determines that she can make a finding of disability or nondisability, a determination will be made and no further evaluation is required. *See Barnhart v. Thomas*, 540 U.S. 20, 24 (2003); *see also* 20 C.F.R. § 404.1520(a)(4). The first step requires the ALJ to determine whether the individual is currently engaging in substantial gainful activity ("SGA"). 20 C.F.R. § 404.1520(b). SGA is defined as work activity that is both substantial and gainful; it involves doing significant physical or mental activities usually for pay or profit. 20 C.F.R. § 404.1572(a)-(b). If the individual is currently engaging in SGA, then a finding of not disabled is made. If the individual is not engaging in SGA, then the analysis proceeds to the second step.

The second step addresses whether the individual has a medically determinable impairment that is severe or a combination of impairments that significantly limits him from performing basic work activities. 20 C.F.R. § 404.1520(c). An impairment or combination of impairments is not severe when medical and other evidence establish only a slight abnormality or a combination of slight abnormalities that would have no more than a minimal effect on the individual's ability to work. 20 C.F.R. § 404.1521; Social Security Rulings ("SSRs") 85-28 and 96-3p.[1] If the individual does not have a severe

---

[1] SSRs constitute the Social Security Administration's ("SSA") official interpretations of the statute it administers and its regulations. *See Bray v. Comm'r Soc. Sec. Admin.*, 554 F.3d 1219, 1224 (9th Cir. 2009); *see also* 20 C.F.R. § 402.35(b)(1). They are entitled to some deference as long as they are consistent with the Social Security Act and regulations. *Bray*, 554 F.3d at 1224.

medically determinable impairment or combination of impairments, then a finding of not disabled is made. If the individual has a severe medically determinable impairment or combination of impairments, then the analysis proceeds to the third step.

The third step requires the ALJ to determine whether the individual's impairments or combination of impairments meet or medically equal the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526. If the individual's impairment or combination of impairments meet or equal the criteria of a listing and meet the duration requirement, 20 C.F.R. § 404.1509, then a finding of disabled is made, 20 C.F.R. § 404.1520(h). If the individual's impairment or combination of impairments does not meet or equal the criteria of a listing or meet the duration requirement, then the analysis proceeds to the next step.

Before considering step four of the sequential evaluation process, the ALJ must first determine the individual's residual functional capacity ("RFC"). 20 C.F.R. § 404.1520(e). The RFC is a function-by-function assessment of the individual's ability to do physical and mental work-related activities on a sustained basis despite limitations from impairments. SSR 96-8p. In making this finding, the ALJ must consider all of the symptoms, including pain, and the extent to which the symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence. 20 C.F.R. § 404.1529; SSRs 96-4p, 96-7p. To the extent that statements about the intensity, persistence, or functionally-limiting effects of pain or other symptoms are not substantiated by objective medical evidence, the ALJ must make a finding on the credibility of the individual's statements based on a consideration of the entire case record. The ALJ must also consider opinion evidence in accordance with the requirements of 20 C.F.R. § 404.1527 and SSRs 96-2p, 96-5p, 96-6p, and 06-3p.

The fourth step requires the ALJ to determine whether the individual has the RFC to perform his past relevant work ("PRW"). 20 C.F.R. § 404.1520(f). PRW means work performed either as the individual actually performed it or as it is generally performed in the national economy within the last 15 years or 15 years prior to the date that disability must be established. In addition, the work must have lasted long enough for the individual to learn the job and perform at SGA. 20 C.F.R. §§ 404.1560(b), 404.1565. If the individual has the RFC to perform his past work, then a finding of not disabled is made.

If the individual is unable to perform any PRW or does not have any PRW, then the analysis proceeds to the fifth and final step.

The fifth and final step requires the ALJ to determine whether the individual is able to do any other work considering his RFC, age, education, and work experience. 20 C.F.R. § 404.1520(g). If he is able to do other work, then a finding of not disabled is made. Although the individual generally continues to have the burden of proving disability at this step, a limited burden of going forward with the evidence shifts to the Commissioner. The Commissioner is responsible for providing evidence that demonstrates that other work exists in significant numbers in the national economy that the individual can do. *Lockwood v. Comm'r Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010).

## II.   BACKGROUND

### A.   Procedural History

On January 12, 2016, Plaintiff filed an application for disability insurance benefits alleging a disability onset date of November 25, 2015. Administrative Record ("A.R.") 154-157. Plaintiff's claims were denied initially on May 3, 2016, and upon reconsideration on July 8, 2016. A.R. 96-99, 103-105. On July 14, 2016, Plaintiff filed a request for a hearing before an Administrative Law Judge ("ALJ"). A.R. 107-108. On October 13, 2016, Plaintiff, Plaintiff's non-attorney representative, and a vocational expert appeared for a hearing before ALJ Cynthia R. Hoover. A.R. 34-67. On October 27, 2016, the ALJ issued an unfavorable decision finding that Plaintiff had not been under a disability from November 25, 2016, through the date of the decision. A.R. 19-29. The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's request for review on December 20, 2016 A.R. 1-5. On February 17, 2017, Plaintiff commenced this action for judicial review pursuant to 42 U.S.C. § 405(g). Docket No. 1.

### B.   The ALJ's Decision

The ALJ followed the five-step sequential evaluation process set forth in 20 C.F.R. § 404.1520, and issued an unfavorable decision on October 27, 2016. A.R. 19-29. At step one, the ALJ found that Plaintiff met the insured status requirements of the Social Security Act through December 31, 2020 and had not engaged in substantial gainful activity since November 25, 2015. A.R. 21. At step two, the ALJ found that Plaintiff had the following severe impairments: depression and posttraumatic stress disorder

("PTSD")/anxiety. A.R. 21-22. At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meet or medically equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. A.R. 22-23. The ALJ found that Plaintiff had the residual functional capacity to

> perform a full range of work at all exertional levels but with the following nonexertional limitations: he is limited to simple tasks (i.e. unskilled work), and occasional contact with coworkers and the public in brief, nonintensive encounters.

A.R. 23. At step four, the ALJ found that Plaintiff was able to perform past relevant work. A.R. 27. At step five, the ALJ found that jobs exist in significant numbers in the national economy that Plaintiff can perform based on his age, education, work experience, and RFC. A.R. 27. In doing so, the ALJ defined Plaintiff, age 54, as an individual closely approaching advanced age at the time of the alleged disability onset date, with at least a high school education and able to communicate in English. A.R. 27. The ALJ found the transferability of job skills immaterial. *Id*. The ALJ considered Medical Vocational Rules, which provide a framework for finding Plaintiff not disabled, along with vocational expert testimony that an individual with the same RFC and vocational factors could perform work as a hand packager, laborer, and laundry worker. A.R. 27-28.

Based on all of these findings, the ALJ found Plaintiff not disabled and denied the applications for a period of disability and disability insurance benefits. A.R. 29.

## III.   ANALYSIS AND FINDINGS

On appeal, Plaintiff argues that the ALJ did not adequately consider the Department of Veteran Affairs' ("VA") disability rating. Docket No. 11 at 5.

On August 4, 2015, the VA determined that Plaintiff has been 100 percent disabled, due to major depression, since March 5, 2015. *Id*. Plaintiff argues that the ALJ in the instant case did not adequately consider the VA's disability rating in making her determination. *Id.*; *see also* Docket No. 14 at 3. The Commissioner responds that the ALJ properly gave the VA's disability rating little weight because of the inconsistencies in the VA's treatment records and the fact that the VA's treatment records conflicted with the opinions of the non-examining state agency psychologists. Docket No. 13 at 4-6.

An ALJ must give "great weight" to a VA determination of disability. *McCartey v. Massanari*, 298 F.3d 1072, 1076 (9th Cir. 2002). The Ninth Circuit has acknowledged that, although the criteria the

1  VA uses in its determination of disability is not identical to the criteria the SSA uses in its determination,
2  there is "marked similarity between [the] two federal disability programs," warranting the ALJ to give
3  "great weight" to the VA's disability rating. *Id.* An ALJ may give less weight to the VA's disability
4  rating if she provides "persuasive, specific, valid reasons for doing so that are supported by the record."
5  *Id.* Therefore, while the ALJ need not make a finding identical to the VA's finding, she cannot
6  completely ignore the VA's disability rating. *Id.* at 1075.

7  The issue then becomes what is considered a sufficiently "persuasive, specific, valid" reason for
8  giving the VA's disability rating little weight. The ALJ cannot merely state that she gives little weight
9  to the VA's disability rating because the inquiries and criteria used by each entity are different. *Berry
10 v. Astrue*, 622 F.3d 1228, (9th Cir. 2010) (citing *Valentine v. Comm'r SSA*, 574 F.3d 685, 695 (9th Cir.
11 2009)). Courts have found the following as sufficient reasons to give the VA's disability rating little
12 weight: (1) if the ALJ relied on evidence that was unavailable to the VA (*Valentine*, 574 F.3d at 695);
13 (2) if the ALJ discusses or recognizes the VA's determinations and also includes elsewhere in the record
14 a review of the plaintiff's records and conditions in reaching her decision (*Chaudhry v. Astrue*, 688 F.3d
15 661, 669 (9th Cir. 2012) (finding that by directly addressing the VA's report and the medical records
16 describing the VA's disability rating, the ALJ adequately considered the VA's determination); *Berry*,
17 622 F.3d at 1236 (finding that the ALJ's acknowledgment of the VA's determinations followed by
18 citations to medical evidence that supported ALJ's finding were sufficient reasons to give the VA's
19 disability rating little weight); *see also Phillips v. Berryhill*, 2017 U.S. Dist. LEXIS 114855, at *26-28
20 (D. Nev. July 24, 2017) (finding that because the ALJ had "read and considered" the VA's disability
21 rating but also found that other examinations were "within normal limits," the ALJ properly gave little
22 weight to the VA's disability rating); *Payano v. Colvin*, 2017 U.S. Dist. LEXIS 174983, at *17-18 (D.
23 Nev. Oct. 23, 2017) (finding that even if the ALJ merely recognized the weight of the VA's opinion, as
24 long as the ALJ "cites to additional evidence, or a different reading of evidence, that may suffice to
25 support reaching a different opinion," where the ALJ relied on the state agency physicians' opinions and
26 also the claimant's credibility during the hearing.)).

27 In the instant case, the ALJ provides two reasons for giving the VA's disability rating little
28 weight. The first reason is because "[t]he VA evaluation process and the Social Security disability

program are different programs, each with its own standard for evaluating and establishing 'disability.'" A.R. 26. The ALJ cites to the difference that the VA's evaluation process "assesses disability as a percentage," whereas the SSA's assessment includes "a function-by-function analysis of the claimant's physical and mental capabilities." *Id.* The differences between the criteria used by the SSA and the VA in determining a disability, however, is not a sufficient reason for giving the VA's disability rating little weight. *See Berry*, 622 F.3d at 1228. The Ninth Circuit has acknowledged this unavoidable difference and, therefore, does not require that the VA's criteria be "tailored to the specific legal requirements of a Social Security determination." *Payano*, 2017 U.S. Dist. LEXIS 174983, at *17 (citing *Valentine*, 574 F.3d at 695). The Court therefore finds that the ALJ's first reason for giving the VA's disability rating little weight is insufficient.

The second reason the ALJ provides for giving the VA's disability rating little weight is because is it "disproportionate to the objective findings reflected in the medical record and inconsistent with the greater weight of the medical opinion evidence." A.R. 26. In providing this reason, the ALJ refers to citations elsewhere in her decision of Plaintiff's medical records and her subsequent interpretation of those records to reach the conclusion that Plaintiff's impairment is not supported by the record. A.R. 23-27. The ALJ cites to medical records ranging from November 19, 2013, to July 8, 2016, in reaching this determination. A.R. 24-25. The ALJ relies on mental examinations, which found that Plaintiff was cooperative, denied suicidal and homicidal ideation, and did not have unusual thought content such as delusions or obsessions. A.R. 24, 295-296, 300-302, 432-433, 470-471, 521-522. Overall, the evaluations were "largely unremarkable." A.R. 24.

The ALJ provides further specific citations to the record that conflict with the VA's disability rating. A.R. 24-26. The ALJ notes that, well past Plaintiff's alleged onset date, Plaintiff refused therapy and continued treating his condition using medication. A.R. 24. Since Plaintiff's alleged onset date, Plaintiff has had only two mental health-related visits. A.R. 25, 470-473, 521-522.[2] On both occasions,

---

[2] The ALJ incorrectly notes that Plaintiff's second mental health-related visit was on July 29, 2016, when it was on June 29, 2016. *Compare* A.R. 25 *with* A.R. 470.

Plaintiff's mental examinations were unremarkable. *Id.* Moreover, the ALJ notes that, in March 2016, Plaintiff's depression screening came back as 0, which is negative for depression.[3] A.R. 25.

Plaintiff further submits that the ALJ improperly discounted the VA's disability rating and the opinion of Dr. Sean Zielinski based on the opinions of the non-examining state agency psychologists, Dr. Susan Kotler and Dr. R. Torigoe. Docket No. 11 at 7. Both psychologists found that, although Plaintiff has concentration, social interaction, and adaptation limitations, most limitations were either moderate or insignificant. A.R. 78-79, 91-92. The ALJ found that their evaluations and subsequent opinions were more consistent with the objective medical evidence than that provided by the VA. A.R. 26-27.

The Court therefore finds that the ALJ's second reason for giving the VA's disability rating little weight is sufficient.

## IV.   CONCLUSION

Based on the forgoing, the undersigned hereby **RECOMMENDS** that Plaintiff's motion for reversal and/or remand (Docket No. 11) be **DENIED** and that Defendant's cross-motion to affirm (Docket No. 12) be **GRANTED**.

IT IS SO ORDERED.

DATED: January 17, 2018

_____
NANCY J. KOPPE
United States Magistrate Judge

---

[3] The record indicates that there was a second screening for depression during the same visit that produced a result of 2, which is also negative for depression. A.R. 518.

**NOTICE**

Pursuant to Local Rule IB 3-2 **any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within 14 days of service of this document.** The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).  This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).